**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROCKLEDGE DEVELOPMENT CO.,

    Plaintiff,

        v.

WRIGHT TOWNSHIP, et al.,

    Defendants.

CIVIL ACTION No. 3:08-CV-2064

(JUDGE CAPUTO)

### MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. 22.) In this Court's prior opinion, each of Plaintiff's claims were dismissed except for Plaintiff's procedural due process claim. (Doc. 18.) In the present motion, Defendants request that judgment be entered in their favor on this remaining claim because (1) Plaintiff's claim was filed beyond the statute of limitations, or (2) the judicial appeal mechanism provided by the Commonwealth of Pennsylvania provided sufficient process. (Br. in Supp. 6, 10, Doc. 23.) Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). This Court previously held that under

Pennsylvania law Plaintiff had a protected property interest in its lien. (Mem. and Order 6, Doc. 18.) While both parties dispute whether sufficient procedures were provided, each bypasses another relevant consideration: whether Plaintiff was *deprived* of the protected property interest. As a matter of law, the complete dissolution of a lien interest would constitute a due process deprivation. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). But the mere "decline in property value which results from an ordinary land use decision by local government is not a deprivation of property within the meaning of the Fourteenth Amendment." *Stop-Save Township Open Places, Inc. v. Bd. of Supervisors of Montgomery Township*, No. CIV. A. 96-7325, 1996 WL 663875, at * 4 (citing *Fusco v. State of Connecticut*, 815 F.2d 201, 205-06 (2d Cir. 1987)) (other citations omitted). There is no evidence on the record that Defendants' denial of building permits has deprived Plaintiff of – rather than diminished the value of – its lien. However, because this issue has not been argued by either party, this Court must provide notice and an opportunity to respond before entering judgment on this issue. *Otis Elevator Co. v. George Washington Hotel Corp.*, 27 F.3d 903, 910 (3d Cir. 1994). Therefore, Plaintiff and Defendants will each be given twenty-one (21) days from the date of this order to file supplemental briefs and exhibits as to the question of whether Plaintiff suffered a *deprivation* of its protected property interest.

**NOW**, this   29th   day of July, 2010, **IT IS HEREBY ORDERED** that both Plaintiff and Defendants have **TWENTY-ONE (21) DAYS** from the date of this order to file supplemental briefs and exhibits on the issue of whether Rockledge suffered a deprivation of its protected property interest.

    /s/ A. Richard Caputo  
    A. Richard Caputo  
    United States District Judge