# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCKLEDGE DEVELOPMENT CO., | CIVIL ACTION NO. 3:08-CV-2064 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| WRIGHT TOWNSHIP, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the defendants' motion for summary judgment on the plaintiff's remaining procedural due process claim. (Doc. 22.) Because the defendants did not deprive the plaintiff of its property interest, due process is unnecessary, and the due process claim fails. Therefore, the motion will be granted and judgment entered in the defendants' favor.

## I. Background

Rockledge Development Corporation owned a portion of a subdivision located in Wright Township which included Lot 89. This lot was purchased, and the owners gave Rockledge a mortgage as part of the consideration for the property's purchase.

The owner applied for, and received, a driveway permit from Wright Township on May 5, 2005. A neighbor complained to the township, which instructed the owners "not to touch anything until the complaint [i]s resolved." About a month later, the owners received a letter stating that "no zoning or building permits have been issued for any construction on Lot 89

1

. . . and no permits will be issued until any and all violations of other agencies . . . have been complied with."

On November 17, 2005, the owners filed a complaint against Rockledge in state court for fraudulent misrepresentation. On November 13, 2008, Rockledge filed a complaint in federal court against the township and its supervisors. Various claims have been dismissed. The only remaining claim is a Fourteenth Amendment violation of procedural due process pursuant to 42 U.S.C. § 1983. The nub of Rockledge's complaint is that the township's failure to apprise it—as mortgagee—of the township's decision not to issue building or zoning permits *to the owners*, deprived Rockledge of its property interest in the mortgaged property without due process of law.

The defendants move for summary judgment on two grounds. (Doc. 22.) First, the they argue that Rockledge's claim is time-barred. Second, they argue that Rockledge had adequate recourse under existing procedural protections. Rockledge opposes the motion. Both sides have submitted extensive evidence and briefing. Because Rockledge cannot show that it was deprived of a property interest, the Court will not reach the defendants' arguments, and the motion will be granted.

## II. Discussion

### A. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit

2

under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*,

3

497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B. Rockledge is Not Entitled to Due Process**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To prevail on a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that he possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment, and (2) that he did not have procedures available to him that would provide him with "due process of law." *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984). A plaintiff must prove each of the following five elements in relation to a § 1983 procedural due process claim:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the Defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Sample v. Diecks*, 855 F.2d 1099, 1113–14 (3d Cir. 1989).

Under the first element, courts determine whether a plaintiff was deprived of a protected property interest. Whether Rockledge, as a mortgagee of Lot 89, has a property interest is determined by state law. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."); *Butner v. United States*, 440 U.S. 48, 55 (1979) (noting that the property interests of a mortgagee are defined by state law).

4

In Pennsylvania, mortgages do not transfer title to the mortgagee; rather, a mortgage "constitutes a lien on the mortgagor's interest, thereby securing the mortgagee's loan." *Gen. Credit Co. v. Cleck*, 609 A.2d 553, 557 (Pa. Super. 1992) (citing *In re Philadelphia*, 63 A.2d 42 (Pa. 1949)). In lien theory states, such as Pennsylvania, the mortgagee has only a security interest in the property. *See* 13 Pa. C.S.A. § 9102 (defining "mortgage" as a "consensual interest in real property, including fixtures, which secures payment or performance of an obligation.") Upon default, the mortgagee may take possession of the property, *see* 13 Pa. Cons. Stat. Ann. § 9609, or may institute a foreclosure action, *see* 41 Pa. Stat. Ann. § 403. As the Supreme Court has noted, "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

Thus, as mortgagee, Rockledge has a property interest in its mortgage that falls within the ambit of Fourteenth Amendment protection. That interest consists of its right to take possession or foreclose upon the property upon the mortgagor's default. For Rockledge's claim to succeed, however, it is not enough that its property interest was in some attenuated manner *affected* by government action. Instead, the government action must have *deprived* Rockledge of its interest without due process of law. Case law supports finding a deprivation when a mortgagee's interest is destroyed by government action, as happens when the mortgaged property is sold at a tax sale.

For example, in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), the Supreme Court was presented with a mortgagee's procedural due process challenge resulting from a tax sale of the secured property without adequate notice. Under the relevant

5

state law, a mortgagee acquired a lien on the owner's property. *Id.* at 798. The Court emphasized that a tax sale "immediately and drastically diminishes the value of this security interest by granting the tax-sale purchaser a lien with priority over that of all other creditors." *Id.* The Court reasoned that such a sale can "result in the *complete nullification* of the mortgagee's interest, since the purchaser acquires title free of all liens and other encumbrances at the conclusion of the redemption period." *Id.* (emphasis added). Based on this, the Court easily held that the tax sale without adequate notice constituted a deprivation of the mortgagee's property interest without due process of law.

Unlike the mortgagee in *Mennonite*, however, Rockledge has *not* shown that it was deprived of its property interest. Rockledge's theory of its case is that "the [d]efendants, acting under color of state law, deprived the Lot owners of the ability to build upon the lot without notice or the opportunity for a hearing, which imposition deprived [Rockledge] of the value of the security in its lien" without due process of law. (Pl.'s Br. In Opp'n; Doc. 39 at 13). In other words, the fact that the township stymied the owners' desired improvements may have contributed to their defaulting and filing a lawsuit against Rockledge.

Under the reasoning in *Mennonite*, this government action is too far removed from Rockledge's loss on its investment. The township's actions did not deprive Rockledge of its security interest under state law. No government action interfered with Rockledge's ability, upon default, to possess or foreclose on the mortgaged property. Unlike the challenged government action in *Mennonite*, ordering the owners to stop work on their lot and determining that no zoning or building permits would issue did not "nullify" Rockledge's interest in its mortgage. As recent events abundantly show, mortgagees bear the risk that

6

the value of their security interest may rise or fall.

Although a diligent search has uncovered no precisely on-point Third Circuit precedent, an Eleventh Circuit case is persuasive. In *Zipperer v. Fort Meyers*, 41 F.3d 619, 623–24 (11th Cir. 1995), the court of appeals held that the imposition and prioritization of special assessment liens on mortgaged land did not deprive a mortgagee of his property interest. In *Zipperer*, the local government made improvements upon the mortgaged property. *Id.* at 621. When the owner failed to pay the assessments, the city filed a lien on the property, which took priority over the mortgagee's lien. *Id.* No notice was given to the mortgagee, who subsequently foreclosed on the property. *Id.* He filed suit against the city, asserting that the special assessments and their lien prioritization "impaired the value of his property interest" without due process. *Id.* at 622. The court first held that the mortgagee had a protected property interest in his mortgage. *Id.* However, the court noted that the lien prioritization did not diminish the mortgagee's property interest "immediately and drastically," as did the tax sale in *Mennonite. See id.* at 624 (quoting *Mennonite*, 462 U.S. at 798). Because the mortgagee would "retain a significant interest in the land even after its subordination to the special assessment[,] . . . the imposition of the special assessments and their lien prioritization d[id] not immediately and drastically diminish his interests in a manner that would implicate a *Mennonite* due process deprivation." *Id.* Because the lien did not deprive the mortgagee of his property interest, due process was unnecessary.

The facts of this case are far closer to *Zipperer* than to *Mennonite.* As in *Zipperer*, there has been no immediate or drastic loss of Rockledge's property interest. Unlike *Mennonite*, no state action prevented Rockledge from exercising its rights to foreclose or take possession upon default. Thus, the township did not *deprive* Rockledge of its property

7

interest in the mortgage. As a matter of law, Rockledge cannot prove the first element of a § 1983 procedural due process action: that it was deprived of its property interest. *See Sample v. Diecks*, 855 F.2d at 1113–14 (3d Cir. 1989). Because there was no deprivation, Rockledge was not entitled to due process of law, and its claim fails.

### III. Conclusion

As discussed above, there is no constitutional due process issue because the township did not deprive Rockledge of its property interest. Therefore, summary judgment will be granted in favor of the defendants on the procedural due process claim.

| | |
|---|---|
| February 10, 2011<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROCKLEDGE DEVELOPMENT CO.,

    Plaintiff,

        v.

WRIGHT TOWNSHIP, et al.,

    Defendants.

NO. 3:08-CV-2064

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 10th day of February, 2011, **IT IS HEREBY ORDERED** that:

(1) The defendants' motion for summary judgment (Doc. 22) is **GRANTED**.

(2) Judgment shall be entered in favor of the defendants and against the plaintiff.

(3) The clerk of court is directed to mark this matter **CLOSED**.

                                /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge